RUCH v FIRST NATL BANK & TR CO

Ohio Appeals, 6th Dist, Lucas Co

No 2700. Decided Feb 19, 1934

476

Cotter & McFellin, Toledo, and Edward H. Ray, Toledo, for plaintiff in error.

Tracy, Chapman & Welles, Toledo, and Martin & Corey, Springfield, for defendant in error.

## OPINION

By WILLIAMS, J.

On behalf of the plaintiff in error, J. W. Wilson has filed a brief as trustee in bankruptcy of the estate of Carl H. Ruch, bankrupt. The first contention made is that the court below erred in forcing the defendant to trial, in view of the nature of the pleadings and in view of the fact, as plaintiff in error claims, that the reply was a departure and set up new matter inconsistent with the petition. The petition is in short form and based upon the guarantee. The answer contains a general denial and alleges various defenses, and the reply sets out in detail the transactions with reference to the giving of the various notes. To the petition as amended a demurrer was filed and overruled, but no other objection to or attack upon the pleadings of plaintiff was made thereafter by the defendant below, until the time of the trial. In our judgment the trial court did not commit prejudicial error in his rulings upon the pleadings during the trial, nor in overruling the demurrer.

The next question made is that there was no meeting of the minds between the

payee of the note and the defendant Ruch as to what should be done with it. It appears that there was no communication between the bank and Ruch at any time until after the $10,000.00 note carrying Ruch's guarantee had been deposited as collateral with the bank and the rights of the bank had attached. Ruch absolutely and unconditionally guaranteed the payment of the $10,000.00 note as an accommodation to The Burke Motor Company and thus gave that company the right to use it. That note was deposited as collateral to the $15,000.00 note, as evidence tends to show, on the very date it bears, and the court below was justified in holding that the accommodation paper, for such it was as to Ruch, was received and used by the bank in good faith for the purpose for which it was given, and that there was a meeting of the minds, and Ruch was bound upon his guarantee to the bank which took it as collateral. This holding is in accordance with the general principles of law laid down in many authorities.

Pitts v Foglesong, 37 Oh St, 676;

Kuzel v Trust Co., 19 C.C., N.S., 534, 541; Duncan v Gilbert, 29 N. J. L., 521.

The fact that the amount and form of the indebtedness was changed from time to time and renewal notes given, did not change the liability of Ruch upon his guarantee and the bank could properly retain the collateral to secure the indebtedness, although the form of the latter was changed. Ruch, however, would not be liable beyond the amount of the note guaranteed by him in any event. Dayton National Bank v Merchants National Bank, 37 Oh St, 208. We also call attention to extensive note on collateral securities in 32 A. S. R., 717. And in our judgment, the fact that Ruch some time after the note was first used as collateral protested to the bank holding it that he did not desire longer to be liable on it, did not change the obligation imposed upon him by his contract of guarantee. It is also fundamental that the mere fact that Ruch did not specifically agree that the note could be used as collateral security could avail him nothing. There was no limitation as to how it should be used and, as his signature to the guarantee was given as an accommodation, The Burke Motor Company had a right to use the note to procure credit or a loan in any lawful way it saw fit.

It is also claimed that the note guaranteed by Ruch was void from the beginning because of material alterations. When the guarantee on the back of the note was signed by Ruch, the note was not dated and there was no time fixed for its maturity. One of the officers of The American Trust & Savings Bank, without the knowledge of Ruch, inserted the date "March 6, 1925" and wrote in the words "on demand" in the body of the note. As heretofore indicated, no officer of the bank had any talk with Ruch at any time prior to the time of first taking the collateral with reference to the use of the note. It is not contended by plaintiff in error that the bank did not have power to fill in blank spaces in the note under §§8118 and 8119, GC, but it is contended that under those sections the spaces must be filled up strictly in accordance with the authority given. We think an examination of Ruch's testimony will justify a holding of the trial court that the blanks were not filled up contrary to authority. Ruch states in his testimony that the note was made out for ninety days, that the words "90 days" were written by Mapes when he made up the note right where "on demand" is now written. It was his recollection that the "ninety" was in figures and he states that the words "on demand" were not on the note when he signed it. He further says that he didn't give consent to anybody to write the words "on demand" in the note. An examination of his testimony does not disclose that anything further was said about filling up the blanks. There are no erasures on the note and the inference arises that Ruch was mistaken. Under §8118, GC, prima facie authority to fill in the blanks existed in the person who had possession, and that authority is not overcome by evidence to the contrary.

We find no prejudicial error apparent upon the face of the record and the judgment will be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.